FILED

2023 Nov-03  PM 03:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SIERRA KILPATRICK, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-00794-NAD |
| | ) | |
| FELICIA TESTANI, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION TO REMAND

For the reasons stated below, and on the record in the September 27, 2023 motion hearing (*see* minute entry, entered: 09/27/2023), the court **GRANTS** the motion to remand filed by Plaintiffs Sierra and Jonathan Kilpatrick (Doc. 6), and **REMANDS** this case to the Circuit Court for Jefferson County, Alabama. The court will enter a separate remand order.

## BACKGROUND

In May 2023, the Plaintiff Kilpatricks filed this case in the Bessemer Division of the Jefferson County Circuit Court, alleging claims against Defendant Felicia Testani and fictitious defendants. Doc. 1 at 1; Doc. 1-1 at 4–7. The case arises from a highway automobile accident in which the vehicle that Defendant Testani was driving allegedly entered the adjacent lane, caused a commercial vehicle that was traveling in that adjacent lane to enter the lane in which the Kilpatricks were

travelling in their vehicle, and ran the Kilpatricks' vehicle off the road.   Doc. 1-1 at 8–10.

In the complaint, the Kilpatricks allege claims for negligence, wantonness, and loss of consortium.   Doc. 1-1 at 8–11.   The Kilpatricks allege that Sierra Kilpatrick "suffered permanent injuries," that "[b]oth Plaintiffs were caused to suffer personal injuries and damages in that each was made sick, sore, and lame," that both were "bruised and contused over various portions of their bodies," that both were "caused to undergo medical care and treatment for their injuries," and that both were "caused to suffer physical pain and mental anguish, still so suffer, and will so suffer in the future."   Doc. 1-1 at 8.   The Kilpatricks also allege that they "were caused to suffer injuries and damages, including, but not limited to . . . injuries to their person[s] that were and are attended by physical pain and suffering, past, present, and future" and "mental anguish and emotional distress" that will continue in the future.   Doc. 1-1 at 9–10.   Jonathan Kilpatrick alleges further that he "lost the consortium of his wife Sierra Kilpatrick as a result of the injuries Sierra Kilpatrick sustained," such that he has "lost and will likely lose the love, company, fellowship, cooperation, assistance, society, affection, services, and comfort of his spouse Sierra Kilpatrick, and his right to the continuation of the normal marital relationship." Doc. 1-1 at 11.

The Kilpatricks request both compensatory and punitive damages.   Doc. 1-1

at 9–11.   But the complaint does not plead a specific amount of damages.   Doc. 1-1 at 5–11.

On June 16, 2023, Testani timely removed this case based on diversity jurisdiction.   Doc. 1.   According to the notice of removal, the Kilpatricks are citizens of Mississippi, and Testani is a citizen of New Jersey.[1]   Doc. 1 at 2–3.

Testani alleges in the notice of removal that the amount in controversy in this case exceeds the jurisdictional minimum of $75,000; according to Testani, removability is apparent from the face of the complaint based on both the Kilpatricks' allegations that they sustained permanent injuries and mental anguish that will continue in the future, and their demand for punitive damages.   Doc. 1 at 3–8.

In the notice of removal, Testani also requests that the court "require Plaintiffs to formally and expressly disclaim any entitlement to more than $74,999.99 and categorically state that Plaintiffs will never accept more," and requests leave to conduct discovery to determine the extent of the Kilpatricks' damages.   Doc. 1 at 8 (quotation marks omitted).

On June 21, 2023, Testani filed an answer to the complaint.   Doc. 3.   The

---

[1] "As a general matter, fictitious-party pleading is not permitted in federal court," but there is a limited exception for complaints that specifically describe the fictitious defendants.   *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).   For removal purposes, a court disregards the citizenship of fictitious parties.   28 U.S.C. § 1441(c).

parties consented to magistrate judge jurisdiction.   Doc. 11; *see* 28 U.S.C. § 636(c);

Fed. R. Civ. P. 73.

On July 11, 2023, the Kilpatricks timely filed this motion to remand,

acknowledging diversity of citizenship, but arguing that Testani could not meet her

burden to show that the amount in controversy exceeds the jurisdictional minimum.

Doc. 6.   The Kilpatricks argue that Sierra Kilpatrick sustained an "anterior superior

endplate lumbar compression fracture at L1 with a secondary impression of acute

lumbar myofascial strain" that did not require surgery, and that her total medical

expenses were less than $5,000, while Jonathan Kilpatrick did not have any medical

expenses.   Doc. 6 at 1–7.   The Kilpatricks also argue that their demand for punitive

damages does not establish that the amount in controversy is met.   Doc. 6 at 7–8.

The Kilpatricks submitted an April 27, 2022 letter with supporting documentation

that showed medical costs for Sierra Kilpatrick of $1,306.53 (Doc. 6-1), an affidavit

from Jonathan Kilpatrick in which he averred that he had no medical expenses (Doc.

6-2), and an affidavit from Sierra Kilpatrick in which she averred that she believed

her medical expenses were less than $5,000 (Doc. 6-3).

On July 13, 2023, Testani filed a response in opposition, arguing that the face

of the complaint, Testani's notice of removal, and a settlement demand from the

Kilpatricks show that the amount in controversy exceeds the jurisdictional

requirement.   Doc. 8.   Testani filed with that opposition brief a May 26, 2022 letter

4

from the Kilpatricks' counsel, in which counsel stated that he was in receipt of a $30,000 settlement offer from Testani's insurance provider for Sierra Kilpatrick's case, but that Sierra was not willing to accept that offer.   Doc. 8-1 at 2.   That letter included a counter-demand to settle for $450,000.   Doc. 8-1 at 2.   The demand letter did not include any itemization or other information about the basis for that $450,000 amount.   Doc. 8-1 at 2.

On July 17, 2023, the Kilpatricks filed a reply brief, arguing that the Kilpatricks' lump sum settlement demand is not dispositive of the amount in controversy, among other things.   Doc. 9.   The Kilpatricks filed with their reply brief an August 2, 2022 letter from Testani's insurance provider, which included an offer to settle Sierra Kilpatrick's case for $35,000 and Jonathan Kilpatrick's case for $1,000.   Doc. 9 at 2; Doc. 9-1.

On September 21, 2023, Testani filed a supplemental response in advance of the hearing on the motion to remand.   Doc. 16.   In the response, Testani argues that the complaint, the Kilpatricks' $450,000 settlement demand, and their continued refusal to disclaim damages over $74,999.99 show that the amount in controversy exceeds $75,000.   Doc. 16.   Testani also filed a letter from the Kilpatricks' counsel indicating that Sierra Kilpatrick's medical expenses were at least $6,065.31, and mentioning the "severity and permanency" of Sierra's injuries, as well as documentation of the parties' pre-suit settlement negotiations.   Doc. 16 at 5; Doc.

5

16-1; Doc. 16-3; *see* Doc. 16-2 (letter from counsel regarding Jonathan Kilpatrick); *see also* Doc. 15 (order setting motion hearing); minute entry, entered: 09/13/2023 (telephone conference).

## LEGAL STANDARD

Federal courts have a "strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *accord Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them"). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Generally speaking, federal subject matter jurisdiction over a civil case requires either a question "arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331), or complete diversity of citizenship (28 U.S.C. § 1332).

With respect to diversity, a federal court has jurisdiction where the matter "is between . . . citizens of different States," and where the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1).

Further, with respect to removal, the "removal statutes are construed narrowly"; and, "where [the] plaintiff and [the] defendant clash about jurisdiction,

uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Where a "plaintiff has not pleaded a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Simring v. GreenSky, LLC*, 29 F.4th 1262, 1266 (11th Cir. 2022) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)).

In particular, "[w]hen the complaint does not claim a specific amount of damages, removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 754 (alteration in original; citation omitted).

Where a defendant "alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). In assessing whether the face of the complaint shows removability, "the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought." *Id.* Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062.

Furthermore, "Eleventh Circuit precedent permits district courts to make

'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe*, 613 F.3d at 1061–62 (quoting *Pretka*, 608 F.3d at 754). A "district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount.'" *Id.* at 1062 (quoting *Pretka*, 608 F.3d at 770).

But, where it is not facially apparent that a case is removable, the defendant's "burden requires the removing defendant to provide additional evidence demonstrating that removal is proper." *Roe*, 613 F.3d at 1061 (citing *Pretka*, 608 F.3d 744).

A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. But, without sufficient evidence, the court cannot engage in "impermissible speculation" to find that the amount in controversy exceeds the jurisdictional requirement. *Id.* at 752–54 (quoting *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007)). Instead, the removing defendant bears the burden of proving "that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe*, 613 F.3d at 1061 (quotation marks omitted).

## DISCUSSION

Based on the controlling law, the allegations in the complaint, and the record

evidence, the court must remand this case to the state trial court. Testani has not carried her burden to show by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. *See, e.g.*, *Simring*, 29 F.4th at 1266; *Roe*, 613 F.3d at 1061.

As a threshold matter, everyone agrees that the parties are completely diverse, and that the Kilpatricks did not plead a specific amount of damages in their complaint. *See* Doc. 1; Doc. 6; Doc. 8. So, the dispositive question is whether the amount in controversy exceeds the jurisdictional minimum. And (as noted above), Testani argues that removal is proper because it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement, and because additional evidence demonstrates that removal is proper. *See, e.g.*, *Roe*, 613 F.3d 1058, 1061; Doc. 1; Doc. 8; Doc. 16.

## I.     It is not facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.

First, it is not facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. As noted above, Testani alleges that "it is facially apparent from the Complaint that the amount in controversy more likely than not exceeds $75,000." Doc. 1 at 6. Testani bases that allegation on the following: the complaint arises from a highway automobile accident, and the Kilpatricks allege "both negligence and wantonness claims, allege[] permanent injuries and disability, and seek[] compensatory and punitive damages," as well as

9

damages for loss of consortium (Doc. 1 at 6–8; Doc. 16 at 6–7); the Kilpatricks allege that they both were made "sick, sore, and lame," and were "bruised and contused"; and the Kilpatricks request damages for past, present, and future pain and mental anguish and emotional distress (Doc. 1-1 at 8–11; *see supra*).

Without more, these allegations do not satisfy Testani's jurisdictional burden. For starters, the allegations regarding the severity and permanence of Sierra Kilpatrick's injuries carry little weight. That is because alleged "'severe' injuries to one person could easily be only minor injuries to all others." *Kidd-Hicks v. Bellemere Props., LLC*, No. 7:18-cv-00753-LSC, 2018 WL 4840113, at *1–2 (N.D. Ala. Oct. 4, 2018). Likewise (without more), the generalized allegations regarding the automobile accident, the Kilpatricks' injuries, their pain and suffering, and Jonathan Kilpatrick's loss of consortium do not provide a basis for "reasonable deductions, reasonable inferences, or other reasonable extrapolations" that show this case is removable. *Roe*, 613 F.3d at 1061–62 (quotation marks omitted); *accord Bush v. Winn Dixie Montgomery, LLC*, 132 F. Supp. 3d 1317, 1318 (N.D. Ala. 2015) (a plaintiff "who claims to have sustained *a very substantial personal injury* at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000" (emphasis added)); *Hogan v. Mason*, No. CV 2:16-BE-1732-S, 2017 WL 1331052, at *3 (N.D. Ala. April 11,

2017) (allegations of "disfiguring and disabling injuries"); *Johnson v. Blackburn*, No. 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016) (allegations of "serious injuries to [the plaintiff's] head and neck" along with other injuries to her lower back, knees, and shoulders, such that the plaintiff no longer could drive).

Next, the complaint does allege a wantonness claim and seeks punitive damages; and, when assessing the amount in controversy, a court considers a request for punitive damages "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). Here, there is no legal certainty that the Kilpatricks cannot recover punitive damages, so the court does consider their request for punitive damages. But (in light of the allegations discussed above), and without any evidence or benchmark for compensatory damages, the Kilpatricks' demand for punitive damages is insufficient for Testani to show that removability is apparent from the face of the complaint.

Moreover, Testani has not identified any comparator case in which a court has ruled that removal was proper based on the face of a complaint that alleged injuries and damages that are substantially similar to those alleged in this case. Accordingly, Testani has not shown that it is facially apparent from the complaint that the amount in controversy more likely than not exceeds the jurisdictional

11

requirement.   *See Roe*, 613 F.3d at 1061.

## II.      The additional evidence does not demonstrate that removal is proper.

Nor does the record evidence demonstrate that removal is proper.   As noted

above, both parties have submitted evidence on the amount in controversy, including

evidence related to the Kilpatricks' medical expenses and the parties' settlement

negotiations.   Doc. 6-1; Doc. 6-2; Doc. 6-3; Doc. 8-1; Doc. 9-1; Doc. 16-1; Doc.

16-2; Doc. 16-3.

In this regard, Testani argues that she has carried her burden on the amount in

controversy based on evidence of the following:   the Kilpatricks seek compensatory

damages for more than $6,000 in medical expenses and for pain and suffering, as

well as punitive damages (Doc. 8 at 6–7; Doc. 16 at 5–6); the Kilpatricks rejected

pre-suit settlement offers of $30,000 and $36,000, and maintained a pre-suit

settlement demand of $450,000 (Doc. 8 at 5; Doc. 8-1; Doc. 16 at 7; Doc. 16-3); and

the Kilpatricks "fail to disclaim the right to, or acceptance of, damages exceeding

$75,000" (Doc. 1 at 6; *see* Doc. 8 at 5–6).

With respect to compensatory damages, and Sierra Kilpatrick's alleged

injuries, Testani has submitted evidence that Sierra sustained an "anterior superior

end plate fracture with about 15% height loss" of her lumbar spine, which did not

require surgery, but did require physical therapy; Testani also has submitted

evidence that Sierra's medical expenses were at least $6,000.   Doc. 16 at 5; Doc.

16-1.   There is no evidence or comparable benchmark valuation for Jonathan

Kilpatrick's alleged injuries, as to which Jonathan apparently had no medical

expenses.

Having identified evidence for medical expenses of approximately $6,000,

Testani relies on Jonathan Kilpatrick's loss of consortium claim, and the Kilpatricks'

allegations of pain and suffering and request for punitive damages.   But (again),

there is no evidence or comparable benchmark valuation for the loss of consortium

claim or pain and suffering damages.

With respect to punitive damages, Testani has submitted only the evidence of

approximately $6,000 in medical expenses as a concrete basis on which the court

could assess a potential valuation for punitive damages.   Even if the court were to

assign a reasonable valuation to Jonathan Kilpatrick's injuries and loss of

consortium claim, and the Kilpatricks' pain and suffering damages (in order to total

up the alleged compensatory damages), the court cannot engage in "impermissible

speculation" to find that the amount in controversy exceeds the jurisdictional

requirement.   *Pretka*, 608 F.3d at 752–54.   In this respect, Testani argues that the

statutory maximum for punitive damages in this case is three times the compensatory

damages or $500,000, whichever is greater.   Doc. 16 at 5–6; *see* Ala. Code § 6-11-

21(a).   But, the evidence regarding the alleged injuries shows that Sierra Kilpatrick

did not require surgery, and that Jonathan Kilpatrick apparently had no medical

expenses at all.  And, based on the evidence of limited compensatory damages,

there is no evidence or comparable benchmark valuation based on which the court

could find or reasonably infer that the punitive damages in this case might approach

the statutory maximum, or otherwise find or infer that the Kilpatricks' demand for

punitive damages makes it more likely than not that the amount in controversy

exceeds the jurisdictional requirement.  *See, e.g.*, *Seckel v. Travelers Home &*

*Marine Ins. Co.*, No. 4:12-CV-4163-KOB, 2013 WL 360421, at *1 (N.D. Ala. Jan.

29, 2013) (allegations of "$26,340 in compensatory damages," plus unspecified

damages for claims of intentional emotional distress and unjust enrichment); *Mason*

*v. Sunbeam Prod., Inc.*, No. 2:17-CV-00336-RDP, 2017 WL 1437514, at *1–2 (N.D.

Ala. April 24, 2017) (allegations of a $50,000 lien for medical bills, plus

"photographic evidence of the severe burns over a large portion of Plaintiff's leg");

*see also Mustafa v. Market St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1292 (M.D. Ala.

2012) (reasoning that "using a multiplier, without more, would trigger grave

federalism concerns").

Next, Testani argues that the Kilpatricks made—and then maintained—a pre-

suit settlement demand of $450,000.  Doc. 8 at 4–5.  In the Eleventh Circuit, a

settlement offer alone "may not be determinative" of the amount in controversy, but

"it counts for something."  *Burns*, 31 F.3d at 1097.  Yet, the standard is a

preponderance of the evidence (*see, e.g.*, *Simring*, 29 F.4th at 1266), and there also

is evidence in this case that Testani's insurance provider offered no more than $36,000 to settle the Kilpatricks' claims.   *See* Doc. 16-1.

In addition, the Kilpatricks' settlement demand included no "specific information" that might have suggested that $450,000 is a "reasonable assessment" of the amount in controversy.   *See Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (quoting *Golden Apple Management Co. v. Geac Computers, Inc.*, 990 F. Supp. 1364, 1368 (M.D. Ala. 1998)); *accord Everett J. Prescott, Inc. v. Zurich Am. Ins. Co.*, No. 8:22-CV-2601-VMC-CPT, 2023 WL 34210, at *3 (M.D. Fla. Jan. 4, 2023) (finding a pre-suit demand probative where "the email included an itemized breakdown of the repairs, demonstrating the concrete damages sought").

Testani also argues that the fact that the Kilpatricks have not disclaimed any damages over $74,999.99 is probative of the amount in controversy.   Doc. 1 at 8; Doc. 8 at 5–6.   The court agrees that the lack of any such stipulation is probative, but in this case it is not enough.   As the Eleventh Circuit has explained, "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [a removing defendant's] burden of proof on the jurisdictional issue."   *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001); *see also id.* at 1319 ("We reiterate that the burden of proving jurisdiction lies with the removing defendant."); *Caldwell v. Williams*, No. 4:21-CV-563-CLM,

2021 WL 5416387, at *3 (N.D. Ala. Nov. 19, 2021) (considering a refusal to stipulate, and reasoning that under Eleventh Circuit precedent such a refusal is not dispositive).

Finally, in the Eleventh Circuit, "[p]ost-removal discovery for the purpose of establishing jurisdiction in diversity cases cannot be squared with the delicate balance struck by Federal Rules of Civil Procedure 8(a) and 11 and the policy and assumptions that flow from and underlie them." *Lowery*, 483 F.3d at 1215.   So, *at least for now*, the court cannot get around the Eleventh Circuit precedent that forecloses Testani's request for leave to conduct jurisdictional discovery on the amount of the Kilpatricks' damages.   Doc. 1 at 8.   *But see Pretka*, 608 F.3d at 774, 776 (Pryor, J., concurring) ("I write separately to explain why I doubt the validity of the related holding of [*Lowery*] that district courts may not also allow post-removal discovery regarding the amount in controversy . . . . We eventually will have to revisit the holding of *Lowery* that jurisdictional discovery is unavailable to prove the amount in controversy.").

\* \* \*

Testani "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754.   And the court agrees with Testani that there is more evidence to support removal in this case than in some others.   *See, e.g.*, *Banks v. VSS Transp. Grp., Inc.*, No. 2:22-CV-00668-

NAD, 2022 WL 13743106, at *3 (N.D. Ala. Oct. 21, 2022).   But, in this case,

Testani has not carried her burden to show that removal is proper by a preponderance

of the evidence.   Given the evidence of approximately $6,000 in medical expenses

and the $36,000 pre-suit settlement offer from Testani's insurance provider, the

combination of the allegations in the complaint (e.g., regarding the Kilpatricks'

injuries, claims, and damages, including future and punitive damages), and the other

evidence (e.g., the Kilpatricks' non-specific $450,000 settlement demand, and their

refusal to disclaim damages over $74,999.99), is insufficient for Testani to prove

that the amount in controversy more likely than not exceeds the jurisdictional

minimum.

## CONCLUSION

For the reasons stated above, the Plaintiff Kilpatricks' motion to remand (Doc.

6) is **GRANTED**.   The court **DIRECTS** the Clerk of Court to **REMAND** this case

to the Circuit Court for Jefferson County, Alabama (Bessemer Division).   The court

separately will enter a remand order.

**DONE** and **ORDERED** this November 3, 2023.

_____
 **NICHOLAS A. DANELLA**
UNITED STATES MAGISTRATE JUDGE

17